**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JOSE CUEVAS AND ROSA E.** | § | |
| **DRAGUSTINOVIS CUEVAS,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.  4:18-cv-423** |
| | § | |
| | § | |
| **MORTGAGE ELECTRONIC** | § | |
| **REGISTRATION SYSTEM AND CONNIE** | § | |
| **COBB AS SUBSTITUTE TRUSTEE ,** | | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Mortgage Electronic Registration Systems, Inc. (*"Defendant"* or *"MERS"*),
incorrectly named as "Mortgage Electronic Registration System" files this Notice of Removal
premised upon diversity jurisdiction.

## I.     INTRODUCTION

1.     On January 2, 2018 Plaintiffs Jose Cuevas and Rosa E. Dragustinovis Cuevas
(*"Plaintiffs"*) filed their "First Amended Original Petition and Request for Temporary
Restraining Order and Temporary Injunction" (the *"Complaint"*) in the 92nd Judicial District
Court for Hidalgo County, Texas under Cause No. C-4522-17-A, seeking to prevent foreclosure
of the property at issue.

2.     In the Complaint, Plaintiffs allege that MERS failed to comply with pre-
foreclosure notice requirements and waived its ability to accelerate the promissory note.
Plaintiffs request injunctive relief, actual damages, and attorney's fees.

3.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and
other papers filed in the state court action and obtained by MERS are attached hereto as **Exhibit
"A"** and incorporated herein by reference.

634657.1

## II.    TIMELINESS OF REMOVAL

4.    This removal is filed within 30 days of MERS's receipt of the Complaint, and it is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).

## III.    BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5.    This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse in citizenship, and the amount in controversy exceeds $75,000.00.

### A.    Citizenship of Plaintiffs and MERS

6.    Upon information and belief, Plaintiffs are citizens of Texas who reside in Hidalgo County.  In their Complaint, Plaintiffs state that they are residents of Hidalgo County, Texas.

7.    MERS is a corporation incorporated in Delaware, with its principal place of business in Reston, Virginia.  Therefore, for purposes of diversity, MERS is a citizen of both Delaware and Virginia.[1]

### B.    Citizenship of Connie Cobb as Substitute Trustee

8.    The citizenship of Connie Cobb as Substitute Trustee should be disregarded for the diversity analysis because she is improperly joined and only a nominal party. Upon information and belief, Connie Cobb is a citizen of Texas.

### a.  Connie Cobb is an improperly joined Defendant.

9.    Diversity jurisdiction cannot be destroyed when a plaintiff improperly joins a non-diverse defendant.[2]  Improper joinder occurs when there is no reasonable possibility that the

---

[1] 28 U.S.C. § 1332(c)(1).
[2] *McKee v. Kansas City Southern Rail Road Co.*, 358 F.3d 329, 333 (5th Cir. 2004).

plaintiff can establish a cause of action against the non-diverse party in state court. [3] Here, there is no reasonable possibility that Plaintiffs can establish a cause of action against Connie Cobb. In Texas, a plaintiff cannot assert a claim for the alleged breach of a trustee's duties under the Deed of Trust or Texas Property Code as an independent tort.   Instead, the claim must be asserted "as a claim for wrongful foreclosure." [4]   Under Texas law, "[a] claim of wrongful foreclosure cannot succeed . . . when no foreclosure has occurred."[5]

10.     Here, no foreclosure has taken place and Plaintiffs have not asserted a claim for wrongful foreclosure.   Plaintiffs filed this suit to enjoin MERS from "[t]aking any step to foreclose . . ."[6]   Further, in order to successfully bring a claim against a substitute trustee, a plaintiff "must allege bad faith on the part of a substitute trustee in the action," and, "[in] cases where the plaintiff did not allege bad faith on the part of the [substitute trustee], courts have held that substitute trustees were improperly joined for the purposes of establishing diversity jurisdiction."[7]   Plaintiffs did not allege bad faith on the part of Connie Cobb anywhere in the Complaint.[8]   Because no foreclosure has occurred and Plaintiffs have not alleged any bad faith on the part of Connie Cobb, she has been improperly joined and her citizenship should be disregarded for the diversity analysis.

---

[3] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).  To avoid improper joinder, a plaintiff must be able to show that there is "a reasonable basis for predicting that the state law might impose liability on the facts involved . . . . This possibility, however, must be reasonable, not merely theoretical."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted).
[4] *Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 WL 6805843, *5 (S.D. Tex. Dec. 20, 2013) (citing *Marsh v. Wells Fargo Bank, N.A.*, 760 F.Supp.2d 701, 708 (N.D. Tex. 2011)).
[5] *Foster v. Deutsche Bank National Trust Company*, 848 F.3d 403, 406-07 (5th Cir. 2017) (citing *Marsh*, 760 F.Supp.2d at 708).
[6] *See* Complaint, Page 5.
[7] *Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP*, C.A. No. G-12-188, 2013 WL 1619691, at *3 (S.D. Tex. Mar. 22, 2013) (collecting cases).
[8] *See* Complaint.

634657.1

3

### b. Connie Cobb is a nominal party.

11.      The citizenship of Connie Cobb should also be disregarded for diversity purposes because she is a nominal party.  In determining diversity jurisdiction, a district court considers only the citizenship of real and substantial parties to the controversy and disregards nominal or formal parties who have no real interest in the dispute. [9]  A party is "nominal" if it does not have a real interest in the outcome of the litigation. [10]  Texas courts "routinely hold that the mere inclusion of a non-diverse trustee as a nominal party will not defeat diversity jurisdiction." [11] Whether a party is nominal "depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable . . ." [12]

12.      In this case, Connie Cobb only acted as substitute trustee in connection with the scheduled foreclosure.  This Court can enter a final judgment in this case without Connie Cobb because she has no interest in the outcome of the litigation.  She has no interest in the property, the Note, or the Deed of Trust, and has had no dealings with Plaintiffs outside of her role as substitute trustee.  Accordingly, Connie Cobb is a nominal defendant and this Court should disregard her citizenship for diversity purposes.

13.      Because Plaintiffs are citizens of Texas, MERS is a citizen of Delaware and Virginia, and the citizenship of Connie Cobb is disregarded since she is improperly joined and a nominal party, complete diversity exists among all properly named parties.

---

[9] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).
[10] *Id.*
[11] *Mendez v. Wells Fargo Bank, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056, at *3 (W.D. Tex. May 13, 2014).
[12] *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (internal quotations omitted).

**C.      The Amount in Controversy Exceeds $75,000.00.**

14.      Plaintiffs do not state the maximum amount of monetary damages they seek, but they seek injunctive relief to stop Defendants from foreclosing on the real property at issue. When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[13]   When the object of mortgagors' litigation is the protection of their entire property, as is the case here, the fair market value of the property is the proper measure of the amount in controversy.[14]   The real property is valued at $127,047.00.[15]   Because Plaintiffs seek injunctive relief and their property is valued well in excess of $75,000.00, the amount-in controversy requirement is met.

## IV.      ADDITIONAL REQUIREMENTS

15.      Venue for this removal is proper in the U.S. District Court for the Southern District of Texas, McAllen Division, because this district and division include Hidalgo County, Texas, the location of the pending state court action.

16.      Written notice of removal will be provided to Plaintiffs and filed with the District Clerk of Hidalgo County, Texas contemporaneously with this pleading.

17.      This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

18.      MERS reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, having satisfied the requirements for removal, MERS gives notice that Cause No. C-4522-17-A, originally filed in the 92nd District Court of Hidalgo County, Texas, has been removed to this Court.

---

[13] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[14] *Id.*
[15] *See* Hidalgo County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Hidalgo County Appraisal because it is of public record, the information it provides is readily ascertainable, and the source — the Hidalgo County Appraisal District— cannot be reasonably questioned. *See Kew v. Bank of Am., N.A.*, No. H-11-2824, 2012 WL 1414978 at n.4 (S.D. Tex. Apr. 23, 2012).

Respectfully submitted,

**McGLINCHEY STAFFORD**

By:    /s/ Amanda Laviage
            **EMILY G. STROOPE** (ATTORNEY-IN-CHARGE)
            State Bar No. 24070692
            6688 N. Central Expressway, Ste. 400
            Dallas, Texas 75206
            Telephone: (214) 445-2436
            Facsimile: (214) 582-9495
            estroope@mcglinchey.com
            **AMANDA R. LAVIAGE**
            State Bar No. 24102067
            1001 McKinney, Suite 1500
            Houston, TX 77002
            Telephone:  (713) 520-1900
            Facsimile:  (713) 520-1025
            alaviage@mcglinchey.com

*Attorneys for Defendant MERS*

## CERTIFICATE AND NOTICE OF FILING

I certify that the foregoing Notice of Removal was sent to the District Clerk of Hidalgo County, Texas, and that written notice of filing of the Notice of Removal was served via email upon the attorney of record for the Plaintiffs.

*/s/ Amanda R. Laviage*
Amanda R. Laviage

## CERTIFICATE OF SERVICE

I certify that a correct copy of the foregoing was served on counsel of record and filed with the Clerk of the Court via the CM/ECF filing system on February 12, 2018, who will in turn provide notification of same to the following registered CM/ECF users:

Juan Angel Guerra
Law Office of Juan Angel Guerra
1021 Fairpark Lane
Harlingen, Texas 78550
***Served via ECF***

*/s/ Amanda R. Laviage*
Amanda R. Laviage

634657.1

6